GILBERT GIVENS *v.* WILLIAM DIXON, ET AL.

**Burden of Proof in Fraud Charge.**

　　The burden of proof is on one charging fraud to prove his charge.

**Mortgage to Secure Present and Future Indebtedness.**

> A mortgage executed on personal property to secure both present indebtedness and future advancements is valid, and one extending credit to the mortgagor thereafter is bound to take notice of the contents of such mortgage when the same is of record.

APPEAL FROM HENDERSON COURT OF COMMON PLEAS.

December 2, 1879.

OPINION BY JUDGE HINES:

The burden of proof in this case is on the appellant, who charges that the mortgage from Allen to the appellee, Dixon, was fraudulent. Unless the evidence of fraud is entirely satisfactory we should not disturb the finding of the court below.

The testimony of Dixon, Allen and Jones, tends strongly to the conclusion that the mortgage was executed in good faith to secure certain loans due from Allen to Dixon, and to secure Dixon in such advances as he might make to Allen. While there are various contradictions and inconsistencies in the evidence, and even circumstances indicating that the mortgage was given to shield the property from the creditors of Allen, they are not, in our judgment, sufficient to outweigh the evidences of good faith and authorize us to reverse the judgment of the court below.

The fact that the mortgage recites a present indebtedness, when in fact the claim of Dixon under the mortgage is partly for advances made and moneys paid subsequent to the execution of the mortgage, ought not to affect the question of the validity of the mortgage if, in fact, the mortgage was made to cover such future advances, and in contemplation of such future payments or advancements. That the mortgage was made with that view, and that the payments and advances were made on the faith of the mortgage, satisfactorily appears from the evidence.

It could make no difference to appellant whether the consideration was past or future. He had notice of the existence of a mortgage on the tobacco and corn to secure the sum of $500, and could not have extended credit to Allen on the supposition that the property would be subject to his debt before the satisfaction of the mortgage debt. It was within the power of the parties, Allen and Dixon, to contract in this way and secure future advances by mortgage, and unless the form of the mortgage misled appellant to his prejudice he cannot complain that the mortgage expressed that it was made to secure an existing indebtedness.

But it is insisted that appellees misled appellant by representing that the mortgage was made to secure only the sum of $199. The evidence does not authorize the conclusion that the mortgage was made for no other purpose than to secure the past indebtedness. In one place appellant says that Dixon told him that Allen owed them $90; and in answer to the following question: "Did you at any time hear Dixon state the amount of Allen's indebtedness to him at the time of the execution of the mortgage?" he answers, "I did, just after the execution of the mortgage. He said it was $90, and that when he got that Allen would not get in his debt any more."

In the first place appellant does not appear to have asked the question or endeavored to learn whether that was the full extent of Allen's indebtedness to appellee, and in the second place it does not elucidate the question as to whether the mortgage was made in part to cover future advances, nor as to whether advances were made. Appellant does not inquire, even from his own statement, whether this was the whole of the consideration for the execution of the mortgage, nor does this appellee make any statement that would justify a prudent business man in acting upon the supposition that the $90 debt was the sole consideration for the execution of the mortgage. It was within the power of appellant, by direct inquiry, to ascertain the facts in the case, and, taking all he says to be true, he should not be allowed to torture such disjointed expressions in such a manner as to preclude appellees from showing the true consideration.

We are of the opinion that the mortgage was executed in good faith to secure the then indebtedness of Allen to appellees, and for future advances, and that such indebtedness and the advancements made on faith of the mortgage constitute a sum greater than the proceeds of the tobacco, and that the court below did not err in perpetuating the injunction.

Judgment *affirmed.*

*J. L. Dorsey, M. Yeoman, for appellant.*

*Vance & Merritt, for appellees.*